## IN THE UNTIED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

THE ESTATE OF CHARLIE J. GONZALES, PAMELA GONZALES, individually and as Personal Representative,

     Plaintiff,

v.

METROPOLITAN TOWER LIFE INSURANCE COMPANY, Inc., and THE KROGER COMPANY, Inc., d/b/a KING SOOPERS,

     Defendants.

_____

## COMPLAINT
_____

Plaintiff, The Estate of Charlie J. Gonzales, Pamela Gonzales, individually and as Personal Representative, by and through their counsel, David P. Reiter, P.C., as and for its Complaint against Defendants, alleges:

## NATURE OF THE ACTION

1.   This Action arises under the Employee Retirement Income Security Act of 1974 (29 U.S.C. Section 1000 et. seq. (ERISA) and more particularly Section 29 U.S.C. Section 1132(a)(2) for breach of fiduciary duty; Section 29 U.S.C. Section 1132(a)(3) for equitable relief; Section 1024(b)(4) and 1132(c) for defendants failure to respond; and 29 U.S.C. Section 1132 (g) for attorney fees and costs. The insurance policy in question under which plaintiffs seek benefits is a voluntary group life insurance policy issued under an "employee

benefit plan pursuant to ERISA, 29 U.S.C. Section 1132 (a)(1) and (3). The employee benefit and benefit plan in question are covered by ERISA, defendants are the plan administrators, employees or agents of the plan administrator and plaintiff Charlie Gonzales' employer. Plaintiff Charlie Gonzales is a participant and employee of the plan, and his spouse, plaintiff Pamela Gonzales, is the beneficiary of the voluntary life insurance benefit under the ERISA plan.

## GENERAL ALLEGATIONS

2.   Plaintiff was employed as a baker at The Kroger Company d/b/a King Soopers for over twenty years and had participated in the Kroger Plan Benefits, including voluntary life insurance, for many years.  Plaintiff, Charlie J. Gonzales, died on February 19, 2012.  His spouse, plaintiff Pamela Gonzales, opened a probate estate in the Jefferson County District Court, State of Colorado on January 9, 2013, and Letters of Administration were issued appointing her as the Personal Representative of Charlie J. Gonzales' estate on January 10, 2013.

3.   Plaintiff, Pamela Gonzales, is the spouse of Charlie J. Gonzales, and is an individual residing in Jefferson county, Colorado at 6870 W. 16th Avenue, Lakewood, and is a qualified beneficiary.

4.   At all times material herein defendant Metropolitan Tower Life Insurance Company (hereinafter "MetLife") is a Delaware

corporation with its principal place of business in Rhode Island. Defendant Metlife is authorized to do business and does business in the State of Colorado, and provided voluntary life insurance benefits to The Kroger Company d/b/a King Soopers.

5. At all times material herein defendant The Kroger Company is an Ohio Corporation with its principal place of business in Ohio. The Kroger Company is doing business as King Soopers, and has general offices located at 65 Tejon Street, Denver, Colorado, and is authorized to do business and does business in the State of Colorado, (hereinafter referred to as "The Kroger Company").

6. This court has jurisdiction over this controversy pursuant to 29 U.S.C. Section 1000, et. Seq. over which this court possesses original jurisdiction pursuant to 29 U.S.C. Section 1132(e) and 28 U.S.C. Section 1131.

7. Venue is proper in this District in that the defendants are found here and the acts complained of occurred in this District.

### COMMON FACTUAL ALLEGATIONS

8. Plaintiff was employed by the Kroger Company, d/b/a King Soopers as a baker and had been for over twenty years when he became permanently and totally disabled in March of 2011 as a result of throat cancer.

9. At all times material to this action the Kroger Company, d/b/a King Soopers through Metlife, provided voluntary group life

insurance coverage in the amount of $108,000.00 to its employees/participants.

10.   The group life insurance coverage the Kroger Company issued to its employees was issued as part of an employee welfare benefit within the meaning of 29 U.S.C. Sections 1002(1) and (3).

11.   Plaintiff Charlie Gonzales was issued a life issuance policy under the Kroger Benefits Plan by Metlife.

12.   In consideration of the premiums, defendant Metlife, by and through its authorized agent, issued to plaintiff its Group life insurance policy, by which defendant Metlife agreed to and did insure plaintiff Charlie Gonzales' life for one year with the privilege of renewal each year for an additional year for the sum of $963.00

13.   When the Metlife voluntary insurance policy was issued and delivered to plaintiff Charlie Gonzales, he notified Metlife through its authorized agent at the Kroger Co d/b/a King Soopers, that plaintiff desired to have the policy extended through the whole period of 2012, and defendant through the Kroger Company d/b/a King Soopers agreed that it would keep the insurance in full force and affect during the entire period of 2012.

14.   Plaintiff, through The Kroger Company failed to renew the Metlife life insurance policy on a yearly basis, and the employee/agent for the Kroger Company d/b/a King Soopers failed to notify plaintiffs of the continuation or conversion of life insurance coverage and apologized profusely several times for the failure to

advise plaintiffs of their right or to institute their request for the voluntary life insurance benefit.  Defendants were aware of the Plaintiff's terminal cancer and of his request and demand for renewal of the voluntary life insurance benefit, issued by Metlife.

15.  Plaintiff Pamela Gonzales, the widow of insured Charlie Gonzales was the designated beneficiary under the policy at the time of its issuance.  Plaintiff continued as the sole beneficiary under the policy and is the sole beneficiary of the policy that fully matured on February 19, 2012, by reason of the death of the insured, Charles Gonzales.

16.  The voluntary insurance provided, among other things, that in the event of the death of the insured, Metlife would pay to the designated beneficiary the sum of $108,000.00 in one lump sum.

17.  Upon plaintiff Pamela Gonzales submitting due proof of the death of the insured to Metlife and demanding payment of the death benefits payable under the policy, the claim was denied.

18.  Plaintiffs have performed all the conditions of the policy on their part to be performed, or were prevented from performing all conditions of the policy because of the defendants failure to produce documents, and there is now due and owing to plaintiffs from defendants an account of the claim under the policy of insurance the sum of $108,000.00.

19.  Because of the refusal of defendants to pay plaintiffs claim, Plaintiff have been compelled to employ legal counsel to bring

this action, and Plaintiffs are entitled to reasonable attorney fees and costs for necessary services in this action, in accordance with the provisions of 29 U.S.C. Sections 1132(g).

**COUNT I**

20.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 of the Complaint with the same force and effect as if fully set forth herein.

21.   Defendants failed to consider evidence offered by plaintiffs and by the employee of the Kroger Company d/b/a King Soopers establishing that Plaintiffs were not provided the necessary information as requested by the plan.

22.   Defendants failed to provide plaintiffs with the opportunity for a full and fair review of the claim and further failed to provide the necessary information required for adequate notice in violation of U.S.C. Section 1133.

23.   The decision of defendants denying the voluntary life insurance benefits under the terms of The Kroger Benefit Plan was arbitrary, illegal, capricious, unreasonable, not made in good faith, and supported by substantial evidence erroneous as a matter of law in violation of ERISA.

## COUNT II

24.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 of the complaint with the same force and effect as if fully set forth herein.

25.   Plaintiffs telephoned many times to defendants Metlife and The Kroger Company d/b/a King Soopers, wrote letters to them for copies of the latest available summary plan description, the policy, correspondence, plan description, decisions etc. all to no avail.

26.   Defendants failed to adequately respond to written and oral request for almost a year and have thereby violated 29 U.S.C. Section 1024(b)(4) and 1132(c) and prejudiced the claim of Plaintiffs.

## COUNT III

27.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 of the complaint with the same force and effect as if fully set forth herein.

28.   The Kroger Company d/b/a King Soopers had discretionary control over the management of the plan.  The defendants were fiduciaries to its employees, participants and beneficiaries within the meaning of 29 U.S.C. 1001(21).  As a fiduciary, defendants had a high duty of care and loyalty to be sure that the instructions and procedures instituted to process conversions or continuation of

benefits and instructions were complete, clear and understandable. U.S.C. 29 Section 1132(a)(3).

29.   Defendants breached their fiduciary duty to plan participants, its employees and beneficiaries of the Kroger Benefit Plan to provide clear, understandable, and complete instructions.

30.   Plaintiffs are entitled to receive the benefit of the voluntary life insurance that they contracted for.

31.   Plaintiffs seek restitution and disgorgement of the amount by which defendants have been enriched by its failure to provide life insurance benefits, because of the incomplete instructions and failure to follow reported stated instructions and procedures.


**COUNT IV**

32.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 31 of the complaint with the same force and effect as if fully set forth herein.

33.   The Kroger Company d/b/a King Soopers employed an individual with knowledge of the Kroger Plan Benefits and the issue of conversion and continuation of plan benefits to its participants, employees, retirees, and beneficiaries.

34.   The Kroger Company d/b/a King Soopers employee was charged with insuring that plan benefits were realized and continued to participants, employees, retirees, and beneficiaries.

35.   Plaintiffs requested from The Kroger Company d/b/a King

Soopers the voluntary life insurance plan benefit.

36.   The Kroger Company d/b/a King Soopers employee knew that plaintiff Charlie Gonzales had terminal throat cancer and of the importance of the plan benefits continuing, particularly the voluntary life insurance, for his spouse/beneficiary.  The Kroger Company d/b/a King Soopers employee converted or continued all other plan benefits, except for the voluntary life insurance benefit.

37.   Defendants denied plaintiffs' voluntary life insurance benefit request for payment upon plaintiff Charlie Gonzales' death as provided for in the Kroger Plan Benefits.

38.   The Kroger Company d/b/a King Soopers through its employee and agent misrepresented to plaintiff that they were covered for the voluntary life insurance plan benefit.

39.   The information provided to plaintiffs by The Kroger Company d/b/a King Soopers amounted to gross negligence.

40.   Plaintiffs justifiably relied upon the representations of The Kroger Company d/b/a King Soopers employee, that they in fact had voluntary life insurance, and relied upon the employee's representations to their detriment.


WHEREFORE, plaintiffs request that the court grant judgment that the voluntary life insurance policy benefit in the name of Charles Gonzales was in full force and effect at the time of the insured's death, that plaintiff Pamela Gonzales is the proper

beneficiary  under the policy, and that plaintiffs are entitled to the proceeds of the policy in the amount of $108,000.00, find that defendants breached their fiduciary duty, are estopped to deny the plan benefit, that defendants actions were arbitrary and capricious, and that defendants failed to respond to plaintiffs request making any further action by them futile, the court award costs of suit, pre and post judgment interest, reasonable attorney fees to plaintiffs' counsel for necessary services rendered herein and for such other and further relief as it deems just and proper.

DATED this 19th day of February 2013.

Respectfully submitted,

DAVID P. REITER, P.C.

/s/ David P. Reiter

_____
David P. Reiter, #16585
1660 South Albion, Suite 309
Denver, Colorado  80222
(303) 782-5001 Phone
(303) 756-6575 Fax
dpreiter@hotmail.com
Attorney for PlaintiffS

Plaintiff's Address:
6870 W. 16th Avenue
Lakewood, CO 80214